Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5109 | **DATE** | 9/6/2001 |
| **CASE TITLE** | KEVIN CLEARY vs. MARTIN STERENBUCH | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   The motion to quash service and dismiss the complaint [6-1] is denied. Defendant shall answer the complaint by September 19, 2001. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon/*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | SEP 10 2001 | 25 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | *cm/* docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SB | courtroom deputy's initials | FILED FOR DOCKETING  9/6/2001 | |
| | | 01 SEP -7 PM 7:33 date mailed notice | |
| | | Date/time received in central Clerk's Office | CB mailing deputy initials |

DOCKETED
SEP 1 0 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN CLEARY | ) |
| Plaintiff, | ) No. 01 C 5109 |
| v. | ) Suzanne B. Conlon, Judge |
| MARTIN STERENBUCH | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Kevin Cleary sues Martin Sterenbuch for declaratory judgment (Count I); injunctive relief (Count II); and tortious interference with contractual relations (Count III). Clearly alleges Sterenbuch is interfering with his recovery of funds from a fraudulent investment entity in Liechtenstein. Sterenbuch moves to quash service and dismiss the complaint, pursuant to Fed.R.Civ.P. 12(b)(2), (3), (6), and (7), Rule 19, and 28 U.S.C. § 1391(a).

## BACKGROUND

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). In December 1998, Cleary invested $350,000 in Global Trust Limited and Global Trust Bank (collectively "Global"). Global purported to be an affiliate of Landesbank in Liechtenstein. Cleary and other investors subsequently learned that Global was not a legitimate entity. They were the victims of a fraudulent investment scheme. Sterenbuch, a Maryland attorney, represented some of the investors.

1

Cleary and Sterenbuch agreed to retain Hilmar Hoch, a Liechtenstein attorney, to pursue the investors' claims. Pursuant to the agreement, Cleary and Sterenbuch's clients would share Hoch's fees 75%-25% respectively, in proportion to their investments. Between July and August 1999, Cleary gave Sterenbuch $6,500 for Hoch's fees. Shortly thereafter, additional investors retained Hoch. As a result, Hoch and Cleary agreed that Cleary's share of the fees would be reduced in proportion to the interests of the other investors.

In February 2000, Sterenbuch started requesting that Cleary compensate him for his own work in recovering the stolen funds. On November 17, 2000, Cleary's counsel sent Sterenbuch a letter explaining that Cleary never retained him and that Cleary made arrangements directly with Hoch for the payment of fees. On November 28, 2000, Sterenbuch responded that unless Cleary agreed to pay Sterenbuch for his services, the original agreement to pay Hoch 75%-25% respectively would stand, even though additional investors retained Hoch.

Hoch eventually recovered a portion of the investors' funds, including $165,879.60 for Cleary. Sterenbuch instructed Hoch not to return Cleary's funds and stated that Cleary owed him attorney's fees. On May 14, 2001, Hoch sent Cleary a letter explaining he could not release the recovered funds until Cleary resolves his fee dispute with Sterenbuch. Specifically, the letter stated in part:

> Your individual share amounts to [$165,879.60] . . . I therefore urge you to reach an agreement in your fee dispute with Martin Sterenbuch. Before reaching a final settlement you may want to at least agree with Martin Sterenbuch as to which amount of your share is undisputed and I will then immediately transfer that amount to whatever bank you indicate to me. As you know, I would have to hand over the disputed amount to the court as soon as it became evident that no final settlement could be reached.

The parties dispute whether Hoch's letter refers to the dispute over his own fees or

2

Sterenbuch's fees. Sterenbuch contends Hoch was referring to his own fees. Cleary asserts he and Hoch reached a mutually acceptable payment agreement and Hoch is witholding funds solely because of Sterenbuch's fee entitlement claims. Read in a light most favorable to Cleary, the letter refers to the dispute over Sterenbuch's fees.

## DISCUSSION

### I. Motion to dismiss standard

In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir. 1999) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A claim may be dismissed only if there is no set of facts that would entitle the plaintiff to relief based on the allegations in the complaint. *Vonderohe v. B & S of Fort Wayne, Inc.*, 36 F. Supp. 2d 1079, 1081 (7th Cir. N.D. Ind. 1999). A motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

### II. Personal jurisdiction

Sterenbuch contends this court does not have jurisdiction over him because he had no contact with Illinois as a result of his agreement with Cleary and Hoch. However, Cleary asserts he entered into a fee agreement with Hoch independent of any earlier agreement he had with Sterenbuch. Cleary did not intend for this subsequent agreement to amend his earlier agreement with Sterenbuch. It is this later agreement on which Cleary bases his tortious interference with contractual relations claim.

A defendant who tortiously interferes with an Illinois resident's contractual relations is subject to personal jurisdiction in Illinois under the state's long arm statute. 735 ILCS § 5/2-

209(a)(2). This rule applies even if the tortious act occurs elsewhere. *Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1202-03 (7th Cir. 1997). The fact that Cleary's alleged injury occurred in Illinois is sufficient for purposes of establishing personal jurisdiction. *Id.*

## III. Venue

Sterenbuch contends this case should be dismissed on improper venue grounds, pursuant to 28 U.S.C. § 1391(a). However, § 1391(a) does not apply because Sterenbuch removed this action to federal court. *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953) (§ 1391 does not apply to a removed action). "The venue of removed actions is governed by 28 U.S.C. § 1441(a). *Id.* Section 1441(a) provides that proper venue for removed actions is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Sterenbuch removed this action to federal court from the Circuit Court of Cook County, Illinois. Therefore, this court is the proper venue.

## IV. Indispensable party

A party should be joined in an action when joinder is essential for the litigants' complete relief or the protection of all parties' interests. Fed.R.Civ.P. 19(a). If a party is necessary, a court must balance four factors to determine whether the case can proceed in the party's absence. The four factors are: (1) potential prejudice to the absent party; (2) the court's ability to fashion a judgment in the party's absence; (3) the court's ability to enter an adequate judgment in the party's absence; and (4) the plaintiff's ability to obtain an adequate remedy if the case is dismissed. Fed.R.Civ.P. 19(b); *Boulevard Bank National Association v. Philips Medical Systems International B.V.*, 15 F.3d 1419, 1423, n. 5 (7th Cir. 1994).

Sterenbuch contends Hoch is an indispensable party because Cleary seeks to adjudicate

4

Hoch's contractual rights. It is true that in order to prevail on a tortious interference claim, Cleary must establish Hoch breached their agreement. However, even if the court finds Sterenbuch's actions caused Hoch to breach his contract with Cleary, this finding would not carry preclusive effect against Hoch. Hoch is not an indispensable party because he would not be bound by the outcome of the case. *Maine v. Standard & Poor's Corp.*, No. 88 C 4027, 1988 WL 135455, at * 3 (N.D. Ill. December 13, 1988).

Sterenbuch further contends Hoch is an indispensable party because he holds the funds at issue. Sterenbuch's contention that *Hashop v. Federal Home Loan Mortgage Corp.*, 171 F.R.D. 208, 211 (N.D. Ill. 1997), stands for this proposition is an oversimplification. The *Hashop* court found the holder of disputed funds was an indispensable party because the party exclusively possessed critical information about the funds. *Id.* at 211-12. This information was necessary for resolving the dispute. *Id.* Furthermore, the *Hashop* court found the indispensable party would receive less money and would be required to change its business practices if the plaintiff prevailed. *Id.* In contrast, Hoch does not exclusively possess critical fund information. Additionally, Hoch does not appear to have substantial financial interests at stake. Hoch's May 14th letter does not suggest that Sterenbuch or Cleary defaulted on attorney's fee payments. According to the letter, Hoch is willing to send Cleary the recovered investment funds when Cleary resolves his dispute with Sterenbuch. Accordingly, Hoch is not a necessary party. Even if he were a necessary party, he would not suffer substantial prejudice from this case proceeding in his absence.

V. *Forum non Conveniens*

A court may dismiss a case on *forum non conveniens* grounds when doing so "best serves the convenience of the parties and the ends of justice." *Kamel v. Hill-Rom Company, Inc.*, 108 F.3d

5

799, 802 (7th Cir. 1997). An adequate alternative forum must be available. *Id.* Sterenbuch contends Liechtenstein is an available and adequate alternative forum that is more convenient for the parties.

"An alternative forum is available if all parties are amenable to process and are within the forum's jurisdiction." *Id.* at 803. Sterenbuch expressly consents to Liechtenstein jurisidiction. Sterenbuch Affidavit, ¶ 14. Therefore, Liechtenstein is an available alternative forum if the country recognizes jurisdiction consents. *Id.* However, Sterenbuch fails to offer evidence Liechtenstein law recognizes consents to jurisdiction.

"An alternative forum is adequate when the parties will not be deprived of all remedies or treated unfairly." *Kamel*, 108 F.3d at 802. Sterenbuch fails to establish Liechtenstein is an adequate forum. He offers no evidence to show Liechtenstein law provides a remedy for tortious interference with contractual relations. *Id.*

Even if Liechtenstein were an available and adequate forum, that country would not be a more convenient place to resolve the claims at issue. In determining convenience, courts place great weight on a plaintiff's choice of forum. *Id.* In addition, private and public interest factors are balanced. *Id.* Private interest factors include: (1) access to evidence; (2) witness convenience; (3) costs associated with witness attendance; and (4) "all other practical problems that make trial of a case easy, efficient, and economical." *Id.* Public interest factors include the community's interest in the dispute's resolution, avoidance of conflicts of laws, and the unfairness of requiring citizens in an unrelated forum to serve on a jury. *Id.*

Private interest factors weigh in favor of this forum. Sterenbuch contends documents relating to this dispute are either located in Maryland or Liechtenstein. However, Sterenbuch does not reveal the content of these documents. Furthermore, Cleary testified that all documents related to his

-6-

tortious interference claim are located either in Illinois or Maryland. Cleary Aff. at ¶ 31. The court must assume Cleary's representations are true for purposes of a motion to dismiss.

Sterenbuch further contends that besides himself and Cleary, Hoch is the only other witness. Liechtenstein is a more convenient forum for Hoch. However, the convenience of one witness does not outweigh the factors favoring this forum.

Finally, Sterenbuch points out that because Hoch plans to give the disputed funds to the Liechtenstein court, it would be more economical and efficient for that court to resolve the dispute. Sterenbuch fails to give any reasons in support of this argument.

Public interest factors weigh in favor of this forum. Sterenbuch asserts this court has little interest in resolving the dispute because: (1) Cleary voluntarily chose to place his funds in a Liechtenstein bank; (2) Cleary retained a Liechtenstein attorney; and (3) the funds currently are held in a Liechtenstein trust account. These arguments are unpersuasive. Illinois clearly has an interest in ensuring its residents obtain adequate redress for fraud. Similarly, the state has an interest in ensuring that its residents obtain relief for tortious conduct. The citizens of Liechtenstein have no interest in this dispute. Accordingly, dismissal is not warranted on *forum non conveniens* grounds.

## VI. Failure to state a claim

Sterenbuch contends the complaint fails to state a tortious interference with contractual relations claim because he was a party to the contract at issue. However, as discussed above, Cleary's complaint is based on an alleged agreement exclusively between Cleary and Hoch. This agreement was made subsequent to the Sterenbuch-Cleary agreement. Read in a light most favorable to Cleary, his complaint states a claim for tortious interference with contractual relations.

## **CONCLUSION**

The motion to quash service and dismiss the complaint is denied.

September 6, 2001

ENTER:

Suzanne B. Conlon
United States District Judge